IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VICTOR S. VASILE,

    Plaintiff,

v.                                       Case No: 3:11 CV57.MCR.EMT

EVENTS WORLDWIDE, INC.,
CYNTHIA WELLS, and RAYMOND
WELLS,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, EVENTS WORLDWIDE, INC. ("EWI") and CYNTHIA WELLS ("Wells"), hereby answer the Plaintiff's Complaint as follows:

1. Without knowledge.

2. Admitted.

3. Admitted that Wells is a resident of Santa Rosa County, Florida. Denied that Cynthia Wells is married to Raymond Wells.

4. Admitted that Raymond Wells is a resident of Santa Rosa County, Florida. Denied that Cynthia Wells is married to Raymond Wells.

5. Admitted as to jurisdiction only.

6. Admitted as to jurisdiction only.

7. Admitted as to jurisdiction only.

8. Admitted for purposes of venue only.

9. Admitted.

10. Admitted that the principal business location for EWI was 6969 Turnberry Circle, Navarre, FL. Otherwise, denied.

11. Admitted that EWI was administratively dissolved by the Secretary of State for failure to file its annual report and to pay its annual fee in May 2010. Such dissolution was rescinded in December 2010 when EWI's status was reinstated.

12. Admitted.

13. Admitted.

14. Without knowledge.

15. The document speaks for itself. Otherwise, without knowledge.

16. Admitted that different tickets can sometimes result in different and unique experiences for a given sporting event. Denied that each and every ticket necessarily offers a different and unique experience for a given sporting event.

17. Without knowledge.

18. Without knowledge.

19. Without knowledge as to the alleged sales negotiations between Plaintiff and any alleged agent of EWI. Admitted that $2,500.00 was ultimately the agreed-upon price of the tickets that Plaintiff sought to purchase.

20. Admitted that Plaintiff agreed to pay $2,500.00 for the tickets. Otherwise, without knowledge.

21. Without knowledge

22. Without knowledge as to the alleged discussion between Plaintiff and Raymond Wells.

23. Admitted that Plaintiff's credit card was charged $2,500.00 for the transaction. Otherwise, without knowledge.

24. Without knowledge. Denied to the extent that this allegation suggests that EWI had, in fact, been dissolved at the time period referenced.

25. Without knowledge.

26. Admitted.

27. Without knowledge.

28. Without knowledge.

29. The document speaks for itself. Otherwise, without knowledge.

30. The document speaks for itself. Otherwise, without knowledge.

31. Without knowledge.

32. The document speaks for itself. Otherwise, without knowledge.

33. Without knowledge.

34. Admitted.

35. Without knowledge.

36. Without knowledge.

37. Without knowledge.

38. Without knowledge.

39. Without knowledge.

40. Without knowledge.

41. Without knowledge.

42. Without knowledge.

43. Admitted that EWI engaged in ticket sales to GoTickets for tickets to the National Championship game. Without knowledge as to the exact number or amount.

44. Admitted that no tickets were ever actually delivered to GoTickets. Otherwise, denied.

45. Denied.

46. Denied.

47. Responses 1-46 are incorporated herein.

48. Denied.

49. Admitted that EWI offered to provide said tickets to Plaintiff through its agent, Raymond Wells, for the price of $2,500.00. Otherwise, denied.

50. Denied.

51. Admitted.

52. Admitted.

53. Denied.

54. Responses 1-53 are incorporated herein.

55. Admitted.

56. Responses 1-55 are incorporated herein.

57. N/A

58. N/A

59. N/A

60. N/A

61. N/A

62. N/A

63. Responses 1-62 are incorporated herein.

64. Denied.

65. Denied.

66. Without knowledge.

67. Without knowledge.

68. Denied.

69. Responses 1-68 are incorporated herein.

70. Without knowledge as to the alleged statements of Raymond Wells. Otherwise denied.

71. Without knowledge as to what Raymond Wells knew. Otherwise, denied.

72. Denied.

73. Without knowledge.

74. Denied.

75. Without knowledge.

76. Responses 1-75 are incorporated herein.

77. Denied.

78. Admitted that the tickets were not provided to Plaintiff. Otherwise, denied as to Cynthia Wells and without knowledge as to Raymond Wells.

79. Responses 1-78 are incorporated herein.

80. Denied that said persons are or were employees.

81. Admitted that Cynthia Wells and Raymond Wells were associated with EWI and that Cynthia Wells was EWI's sole shareholder and director. Denied that Raymond Wells was an employee of EWI or was Cynthia Well's husband.

82. Denied.

83. Admitted that no such information was provided to the persons identified.

84. Denied.

85. Denied that Cynthia Wells ever made any such representations. Otherwise, without knowledge.

86. Denied.

87. Admitted that the subject tickets were not ever provided. Otherwise, denied.

88. Denied as to Cynthia Wells. Otherwise, without knowledge.

WHEREFORE, Defendants Cynthia Wells and EWI respectfully request that this Court deny all relief sought by Plaintiff.

### Affirmative Defenses

1. Count I fails to state a cause of action upon which relief may be granted. The administrative dissolution was rescinded and EWI's corporate status was reinstated retroactively, as the Complaint clearly admits. *See* §607.1422(3), Fla. Stat. Additionally, the approval and adoption by EWI of the Article of Dissolution on December 1, 2010, as alleged in the Complaint, was not tantamount to, nor did it result in, actual dissolution, which does not occur until the effective date of the Articles. *See* §§607.1403(1) and (2), Fla. Stat.

2. Count VI fails to state a cause of action upon which relief may be granted. Florida law does not provide an independent cause of action for civil conspiracy.

3. Count V fails to state a cause of action upon which relief may be granted. This count is based upon the alleged negligence of Defendants and is therefore precluded by the Economic Loss Rule.

4. Count VII fails to state a claim upon which relief may be granted. The allegations in the Complaint do not adequately demonstrate a pattern of racketeering activity as required by §§18 U.S.C. 1962(a), (b) and (c).

5. Count VII fails to state a claim upon which relief may be granted. The alleged injury identified by Plaintiff is not the type of injury which is compensable under the RICO statute.

6. Count VII fails to state a claim upon which relief may be granted. Plaintiff lacks standing since the purported injury does not arise from a predicate act as defined by 18 U.S.C. §1961(1).

7. Plaintiff suffered no damage as the result of EWI's failure to deliver the tickets since EWI fully refunded the purchase price of the tickets once it became apparent that EWI would not be able to deliver the tickets.

8. Plaintiff failed to mitigate his damages and any recovery to which he may be entitled must therefore be adjusted accordingly.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the parties registered to receive such service, namely:

Victor S. Vasile, Esq.        vsvasile@gmail.com

**McDonald Fleming Moorhead**

/s/ John B. Trawick
John B. Trawick
FBN 67407
25 West Government Street
Pensacola, FL 32502
P: (850) 477-0660
F: (850) 477-4510
Attorney for Defendants, EVENTS WORLDWIDE, INC. and CYNTHIA WELLS